United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL P. MILYAKOV; MAGDALENA A. APOSTOLOVA,<br><br>    Plaintiffs,<br><br>  v.<br><br>JP MORGAN CHASE BANK, NATIONAL ASSOCIATIONS; CALIFORNIA RECONVEYANCE COMPANY; PAUL FINANCIAL, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),<br><br>    Defendants.<br>                                           / | No. C 11-02066 WHA<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this foreclosure dispute, defendants move to dismiss the action pursuant to FRCP 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiffs Emil Milyakov and Magdalena Apostolova, who proceed *pro se*, own real property located at 106 Madrid Street, San Francisco. In July 2007, plaintiffs obtained a $650,000 loan from defendant Paul Financial, LLC. The loan was secured by a deed of trust that identified defendant Mortgage Electronic Registration System, Inc. as the beneficiary and defendant Foundation Conveyancing, LLC as the trustee (First Amd. Compl. Exh. 3). In 2007, plaintiffs received a letter from Paul Financial informing them that the servicing of the mortgage

loan had been transferred to Washington Mutual, effective September 1, 2007. Plaintiffs believe that the loan "was then sold to an investment trust and became a part of, or was subject to, a Loan Pool" (First Amd. Compl. ¶ 16).

In July 2008, plaintiffs entered into a loan-modification agreement with WaMu, but the "modification agreement was never recorded" (*id.* at ¶ 19). At some point in October 2008, plaintiffs became aware that defendant JP Morgan Chase, N.A. had become the loan servicer, and plaintiffs began making mortgage payments to Chase (*id.* at 72). In a May 2009 phone conversation, a Chase representative told plaintiff Apostolova that Chase "would not consider modifying the loan terms as long as the [p]laintiffs were current on their payments. Taking that advice, [p]laintiffs stopped payments in June of 2009 and hired an attorney to negotiate a modification" (*id.* at ¶ 24). Plaintiffs received two letters from Chase Home Finance LLC: one in July 2009 requesting documents for potential modification and another in September 2009 approving "special forbearance" (*id.* at ¶¶ 19, 21, 24).

In December 2010, MERS assigned Chase as the beneficiary of the deed of trust, and Chase substituted defendant California Reconveyance Company ("CRC") as trustee. On December 9, CRC recorded a notice of default with the San Francisco Assessor. In March 2011, plaintiffs received a notice of trustee sale scheduled for April 1, but the sale was subsequently rescheduled for May 3 (*id.* at ¶¶ 27, 29).

Defendants have submitted exhibits documenting the relationship among parties, requesting that judicial notice be taken of them. These documents include: (1) a deed of trust, recorded with the San Francisco Assessor-Recorder's Office on July 11, 2007 as document number 2007-I415614-00; (2) the assignment of deed of trust, recorded with the San Francisco Assessor-Recorder's Office on December 9, 2010 as document number 2010-J096342-00; (3) the substitution of trustee, recorded with the San Francisco Assessor-Recorder's Office on December 9, 2010 as document number 2010-J096343-00; (4) a notice of default, recorded with the San Francisco Assessor-Recorder's Office on December 9, 2010 as document number 2010-J096344-00; and (5) the notice of trustee's sale, recorded with the San Francisco Assessor-Recorder's

2

1  Office on March 10, 2011 as document number 2011-J147872-00. Because all these documents
2  are matters of public record, defendants' request for judicial notice is **GRANTED**. FRE 201(b).[1]
3      Plaintiffs initiated the instant action in state court in April 2011 and defendants removed.
4  Plaintiffs subsequently filed a first amended complaint (Dkt. No. 13). The complaint alleges
5  claims for: (1) slander of title; (2) injunctive relief; (3) violation of California Civil Code Section
6  2923.5; (4) cancellation of deed; (5) wrongful foreclosure; (6) unjust enrichment; and (7)
7  violation of California Business and Professions Code Section 17200. This order follows full
8  briefing.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

**1.    SLANDER OF TITLE**

Plaintiffs' first claim for relief is slander of title. "'Slander of title' is a tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." *Southcott v. Pioneer Title Co.*, 203 Cal. App. 2d 673, 676 (1962).

---

[1] Plaintiffs submitted the following documents for judicial notice: (1) a consent order from the Board of Governors of the Federal Reserve System, and (2) the Congressional Oversight Panel November Oversight Report. As documents do not contain adjudicative facts, the request for judicial notice is **DENIED**.

3

There are five recorded documents plaintiffs specifically allege slander title of the property: (1) the deed of trust; (2) the assignment of deed of trust; (3) the substitution of trustee; (4) the notice of default; and (5) the notice of sale (First Amd. Compl. ¶ 43).

### A. Notice of Default and Notice of Sale

Plaintiffs claim that the notices of default and sale "constitute improper clouds on [p]laintiffs' title" (*ibid.*). California Civil Code Section 2924(d) expressly states that notice requirements of non-judicial foreclosure sales are privileged communications. *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008). These notices are privileged, and as to these two documents the plaintiffs cannot meet the "unprivileged" element for a claim of slander of title. Plaintiffs' claims of slander of title as to the notice of default and notice of sale fail as a matter of law.

### B. Deed of Trust, Assignment of Deed, and Substitution of Trustee

Plaintiffs also assert that the deed of trust, assignment of deed of trust, and substitution of trustee slander their property due to "robo-signing, backdating, and other inappropriate and wrongful acts" (First Amd. Compl. ¶ 43). These conclusory statements are not sufficient to state a claim on which relief could be granted. Plaintiffs offer nothing to demonstrate false or malicious publication of disparaging statements. Defendants' motion to dismiss the slander of title claim is therefore **GRANTED**.

### 2. INJUNCTIVE RELIEF

Plaintiffs assert a claim for "injunctive relief" against all defendants (First Amd. Compl. ¶¶ 48–50). Injunctive relief, however, is a remedy which must rely upon underlying claims. If plaintiffs seek injunctive relief, they should request it as part of their prayer for relief. On this basis, defendants' motion to dismiss the injunctive relief claim is **GRANTED**. This is without prejudice to granting injunctive relief should such relief be appropriate upon the success of any claim.

4

### 3. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5

Plaintiffs' third claim alleges that defendants violated California Civil Code Section 2923.5 "by failing to discuss with [p]laintiffs loan modification programs or other options to avoid foreclosure" before filing a notice of default (First Amd. Compl. ¶ 53).

A mortgagee may not file a notice of default pursuant to Section 2924 unless the mortgagee first "contact[s] the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." During this initial contact, the borrower must be informed that "he or she has the right to request a subsequent meeting" within 14 days, and the borrower must be provided a toll-free number to help find a housing counseling agency certified by the United States Department of Housing and Urban Development. Any notice of default filed must include a declaration stating that a mortgagee "has contacted the borrower, [or] has tried with due diligence to contact the borrower." CAL. CIV. CODE § 2923.5(a)–(b). The remedy for noncompliance with Section 2923.5 is postponement of the foreclosure sale. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010).

Plaintiffs claim that defendants "did not contact [p]laintiffs, either in person or by telephone, to discuss [plaintiffs'] financial condition and the impending foreclosure" (First. Amd. Compl. ¶ 55). Plaintiffs do admit to some contact with defendants. In May 2009, while still current with their payments, they discussed loan modification with a Chase representative. Plaintiffs received letters from Chase in July 2009 and September 2009 requesting documents and declaring approval for "special forbearance" (*id.* at ¶¶ 21, 24).

Defendants contend that these communications satisfied the requirements of Section 2923.5, and the fact that "discussions were not fruitful is of no import" (Br. 11). Yet the communications took place over a year before the notice of default was filed. It is unclear exactly what information was imparted. Plaintiffs contend that they were not provided with a toll-free HUD number, nor did defendants "offer to meet with the Plaintiffs or their lawyer and did not advise them that Plaintiffs had a right to request a subsequent meeting within 14 days" (First. Amd. Compl. ¶ 55). Plaintiffs further allege that the signer of the declaration of compliance

5

1  "either misrepresented the facts, if and when he signed the declaration, or he did not have
2  personal knowledge of the matters described in his declaration" (*id.* at ¶ 58).

3  The complaint states sufficient factual allegations to create a plausible inference that the
4  defendants did not fully comply with the requirements of Section 2923.5. Defendants' motion as
5  to plaintiffs' Section 2923.5 claim is **DENIED**.

### 4. CHALLENGES TO THE CHAIN OF TITLE

As the foundation of three of the plaintiffs' claims for relief, plaintiffs allege irregularities and defects in the chain of title. These three claims are considered together, and as explained below will be converted into a motion for summary judgment.

#### A. Rights Under the Deed of Trust

Plaintiffs' fourth claim is for cancellation of the deed of trust. It is unclear in the complaint what specific law is asserted to have been violated. The plaintiffs' theory is that MERS had no authority to assign the deed of trust, Chase had no authority to substitute CRC as the trustee, and ultimately Chase had no authority to initiate foreclosure procedures (First Amd. Compl. ¶¶ 38–40).

Plaintiffs present a similar argument in support of their fifth claim for wrongful foreclosure. Much like in their cancellation of deed claim, plaintiffs do not allege a specific law being violated. Rather, plaintiffs argue that Chase is not the owner of the note and has no standing to initiate foreclose (*id.* at ¶ 62). In support of this contention, plaintiffs allege that the "diverse" signatures on the assignment of deed of trust and substitution of trustee demonstrate "classic robo-signing" and forgery (*id.* at ¶ 68).

#### B. Right to Collect Mortgage Payments

Plaintiffs' also contest the demonstration of claim of title in support of their sixth claim for unjust enrichment, the "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000).

Plaintiffs allege that Chase had no right to accept plaintiffs' mortgage payments, and unjustly benefitted from them. Plaintiffs began paying Chase mortgage payment in October 2008, and "reasonably relied upon Chase's assertion that it was entitled to payments" because "it had

6

acquired certain assets from WaMu under an agreement with the FDIC." But because WaMu was never a beneficiary on the note, plaintiffs contend that Chase never had a right to accept mortgage payments (First Amd. Compl. ¶¶ 72-73).

### C. Demonstration of the Chain of Title

Plaintiffs allege defective chain of title in support of the above three claims for relief. Defendants submitted for judicial review documents demonstrating the relationship between parties in an attempt to validate chain of title (RJN Exh. A–E).

The deed of trust itself deals with the question of authorized loan servicers. It states that the "Note or a partial interest in the Note . . . can be sold one or more times without prior notice to Borrower," and that such a sale "might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note" (RJN Exh. A at 11). In the event of such a sale, "Borrower will be given written notice of the change which will state the name and address of new Loan Servicer" (*ibid*). Plaintiffs received notice in September 2007 of the substitution of WaMu as the loan servicer (First Amd. Compl. ¶ 16). In October 2008, they became aware that Chase was the new loan servicer (*id.* at ¶ 72).

The validity of the assignments and substitutions made to the deed are also challenged by the plaintiffs. The original deed identifies the beneficiary as MERS "and the successors and assigns of MERS" (RJN Exh. A at 3). California Civil Code Section 2924 allows "the trustee, mortgagee, or beneficiary" to file and record a notice of default. Additionally, California Civil Code Section 2934a authorizes the beneficiary to substitute the trustee. MERS, the original beneficiary, assigned Chase as the beneficiary of the deed (RJN Exh. B at 1). Chase, in turn, substituted CRC as the trustee (RJN Exh. C at 1).

### D. Conversion of Motion into Summary Judgment

The Court has carefully examined the documents submitted by Chase and it is satisfied that Chase properly owns the loan and has been properly collecting payments. The complaint alleges the contrary. It is unlikely that evidence could be developed to defeat the chain of title submitted by defendants. On the other hand, this issue arises on a motion to dismiss where decisions are made based on the record. Defendants' showing must be treated as a motion for

7

summary judgment. A court can convert a Rule 12(b)(6) motion to dismiss supported by extraneous materials into one for summary judgment in an explicit ruling that it will not exclude those materials from its consideration. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003). Plaintiff will be given **10 WEEKS** from the date of this order to take expedited discovery or make some other showing in which to defeat defendants' demonstration of the right to foreclose and the chain of title. If Chase does not cooperate with such discovery, the 10 weeks will be extended. Plaintiff's supplemental showing is due on **NOVEMBER 10, 2011**. The failure to raise a triable issue of fact will result in the granting of summary judgment as to the chain of title. If a triable issue of fact is raised, the case will proceed and the issue will be addressed at trial.

Plaintiffs should be aware that there is free legal information available to litigants without lawyers in federal court. This service — called the Legal Help Center — is available to anyone who is representing him- or herself in a civil lawsuit (or is considering filing a civil lawsuit) in the San Francisco or Oakland divisions of the United States District Court for the Northern District of California. The Legal Help Center is located in the federal courthouse in San Francisco: 450 Golden Gate Avenue, 15th Floor, Room 2796. Assistance is provided by appointment only, and appointments are held in person at the Legal Help Center. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-9000 x8657. Plaintiffs are encouraged to seek assistance from the Legal Help Center in making their supplemental showing. Note, however, that the Legal Help Center cannot and will not act as plaintiffs' attorney.

### 5. UNFAIR BUSINESS PRACTICES

Plaintiffs' final claim is for unfair business practices. California unfair competition law covers "any unlawful, unfair, or fraudulent business act or practice." CAL. BUS. & PROF. CODE 17200 *et seq*. Plaintiffs allege that defendants' unlawful practice was a violation of Section 2923.5. Plaintiffs have plead sufficient facts to suggest that the required contact and due diligence might not have been sufficient, and as a result they have suffered "loss of equity in their home, costs and expenses relating to protecting themselves, reduced credit scores, unavailability

8

of credit, increased costs of credit, [and] reduced availability of goods and services tied to credit ratings" (First Amd. Compl. ¶ 87). Thus defendants' motion to dismiss this claim is **DENIED**.

### 6.  TENDER

Defendants allege that plaintiffs lack standing to challenge the initiation of foreclosure proceedings because they never offered to tender the full amount of the debt. The defendants' argument does not square with the facts as alleged. Unlike the cases to which defendants cite, in the present action the foreclosure sale has yet to take place.[2] Among their claims, plaintiffs assert violation of Section 2923.5, which imposes procedural obligations on those wishing to enter a notice of default without imposing tender requirements. *See Mabry*, 185 Cal. App. 4th at 225. As a remedy, plaintiffs seek to delay the foreclosure sale. Thus, plaintiffs' surviving claims cannot be defeated by the contention that plaintiffs failed to offer tender.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to dismiss plaintiff's first and second claims is **GRANTED**, and defendants' motion to dismiss plaintiffs' third and seventh claims is **DENIED**. Defendants' motion to dismiss plaintiffs' fourth, fifth, and sixth claims is converted into a motion for summary judgment, and plaintiffs will be given **TEN WEEKS** from the date of this order to make some showing that defeats the defendants' demonstration of the right to foreclose. The hearing set for September 8 is **VACATED**.

As to any claims dismissed above, plaintiffs may seek leave to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint

---

[2] Defendants also allege that plaintiffs are not entitled to bring an action to determine whether a beneficiary has authority to initiate a non-judicial foreclosure proceedings. Here, plaintiffs bring no such action. Rather, they assert defendants' lack of authority to initiate foreclosure proceedings in support of other claims for relief.

9

must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated: September 2, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE