IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL P. MILYAKOV; MAGDALENA A. APOSTOLOVA,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE, N.A.; HSBC BANK USA, N.A.; CALIFORNIA RECONVEYANCE COMPANY; PAUL FINANCIAL, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>Defendants. | No. C 11-2066 WHA<br><br>**ORDER DENYING MOTION TO REMAND** |

**INTRODUCTION**

In this foreclosure action, *pro se* plaintiffs move to remand this case to San Francisco County Superior Court. For the reasons stated below, the motion to remand is **DENIED**.

**STATEMENT**

*Pro se* plaintiffs Emil Milyakov and Magdalena Apostolova filed this action in San Francisco County Superior Court on April 20, 2011. The complaint alleges federal and state claims all arising from the same set of operative facts relating to defendants' alleged failure to disclose the details of a mortgage loan. Defendants JP Morgan Chase Bank, N.A., California Reconveyance Company, and Mortgage Electronic Registration Systems, Inc., removed the action to federal court on April 27, 2011, based on federal-question jurisdiction, pursuant to 28 U.S.C.

1331, and supplemental jurisdiction pursuant to 28 U.S.C. 1367(a). Plaintiffs' first, seventh, and eighth claims for relief state claims under the Truth in Lending Act, 15 U.S.C. 1601–66, and the Home Ownership and Equity Protection Act, 15 U.S.C. 1639. Claims two, three, four, five, six, and nine state claims under California law, arising from the same set of operative facts as the federal claims.

On June 29, 2011, plaintiffs filed a first amended complaint containing seven state claims and no federal claims. Defendants filed a motion to dismiss plaintiffs' first amended complaint on August 2. By order dated September 2, the motion to dismiss was granted in part and denied in part (Dkt. No. 35). Plaintiffs' claims for slander of title and injunctive relief were dismissed. Plaintiffs' claims for violation of California Civil Code Section 2923.5 and Section 17200 of the California Business and Professions Code survived. The order converted defendants' motion to dismiss plaintiffs' claims for wrongful foreclosure, cancellation of deed instrument, and unjust enrichment into a motion for summary judgment and gave plaintiffs ten weeks from the date of the order to "take expedited discovery or make some showing in which to defeat defendants' demonstration of the right to foreclose and the chain of title" (Dkt. No. 35 at 8).

Plaintiffs took discovery. Defendants produced approximately 1900 pages of documents related to the loan, including a copy of the original promissory note (Dkt. No. 69-1 at ¶ 6).

On September 23, 2011, plaintiffs filed a motion for leave to file a second amended complaint. And on October 27, 2011, plaintiffs filed a motion to remand.

**ARGUMENT**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed, without reference to subsequent amendment to the complaint. 28 U.S.C. 1441(a); *see Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (stating "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based"). If jurisdiction existed at the time of removal, a "district court retains discretion whether to exercise supplemental jurisdiction over state law claims even after all federal claims are dismissed." *Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1137 (9th Cir. 2011).

2

A district court that has subject-matter jurisdiction over an action may decline to exercise supplemental jurisdiction over that action if one of the factors enumerated in 28 U.S.C. 1367(c) exists. *Acri v. Varian Assoc., Inc*. 114 F.3d 999, 1000 (9th Cir. 1997). When considering whether to exercise supplemental jurisdiction, a court may consider judicial economy, convenience and fairness to litigants, and comity. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S 343, 349–50 (1998); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). A district court may also "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case . . . [such as] deleting all federal-law claims from the complaint and requesting that the district court remand the case." *Carnegie-Mellon Univ.*, 484 U.S. at 357.

This Court has subject-matter jurisdiction over this action under 28 U.S.C. 1331. At the time the complaint was filed, it alleged claims under the Truth in Lending Act, 15 U.S.C. 1601–66, and the Home Ownership and Equity Protection Act, 15 U.S.C. 1639 (Compl. ¶¶ 36–39, 61–67). Subject-matter jurisdiction remains, even in light of plaintiffs' amendment to the complaint to omit all federal claims. Pursuant to 28 U.S.C. 1367(a), at the time of removal, the Court also had supplemental jurisdiction over the related state claims which arose from the same set of operative facts relating to the alleged failure to properly disclose the details of the mortgage loan.

The question, then, is whether supplemental jurisdiction should be exercised over the remaining state claims, given that no federal claims remain. Judicial economy and convenience and fairness are served by this Court's retention of jurisdiction. The undersigned judge is already familiar with the facts and legal issues involved in this case and has already issued a ruling on the merits. Two claims were dismissed; two claims survived, and defendants' motion to dismiss three claims was converted into a motion for summary judgment. That motion is currently pending. Plaintiffs were permitted to take expedited discovery for a ten-week period, commencing on September 2, 2011. Plaintiffs have taken discovery. Defendants have submitted a declaration stating they spent "approximately 70 hours and billed almost $17,000.00 in fees reviewing and responding to plaintiffs' discovery requests" (Dkt. No. 69-1 at ¶ 9).

Plaintiffs urge that judicial economy, fairness and convenience do not weigh in favor of retaining jurisdiction because the state court is competent to address the legal issues involved, the majority of discovery propounded by plaintiffs has been objected to by defendants, and the case is only six months old (Br. 4). The order disagrees. Judicial economy will best be served by resolving the pending motion for summary judgment, the facts and legal argument, of which are already familiar to the undersigned judge and not allowing the resources expended during the period of expedited discovery to go to waste. This will also facilitate a timely resolution of the action. If the action is remanded, the state judge will have to start all over again at square one.

Moreover, the undersigned is concerned that plaintiffs' effort to remand this action after a ruling on the motion to dismiss, discovery, and filing of a second amended complaint, may be a strategic attempt to avoid an adverse decision on the pending dispositive motion. This would be improper and a waste of scarce judicial resources. The principle of comity is not violated, when, as here, the balance of factors of judicial economy, fairness, and convenience tip in favor of retaining jurisdiction.

For the foregoing reasons, the motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE