IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMIL P. MILYAKOV and
MAGDALENA A. APOSTOLOVA,

    Plaintiffs,

  v.

JP MORGAN CHASE, N.A., HSBC BANK
USA, N.A., CALIFORNIA RECONVEYANCE
COMPANY, PAUL FINANCIAL, LLC,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and FOUNDATION
CONVEYANCING, LLC,

    Defendants.

No. C 11-02066 WHA

**ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In this foreclosure action, defendants brought a motion to dismiss the *pro se* first amended complaint. As to three of the claims challenging the chain of title, defendants' showing on the motion to dismiss was converted into a motion for summary judgment. After taking expedited discovery, and pursuant to the order on the motion to dismiss, plaintiffs have submitted an opposition brief to the converted motion for summary judgment. They have also submitted an addendum in support of their opposition.

**STATEMENT**

Defendants JP Morgan Chase, N.A., California Reconveyance Company ("CRC"), and Mortgage Electronic Registration Systems, Inc ("MERS") brought a motion to dismiss plaintiffs Emil Milyakov and Magdalena Apostolva's first amended complaint. The motion to dismiss

plaintiffs' first, fifth, and sixth claims for relief, all of which relate to plaintiffs' challenge to the chain of title, was converted into a motion for summary judgment. Claim one is for cancellation of deed of trust, claim five is for wrongful foreclosure, and claim six is for unjust enrichment. Plaintiffs were given ten weeks to take expedited discovery and make a supplemental showing as to the existence of a triable issue of fact on these three claims for relief.

Plaintiffs, who proceed *pro se*, own real property located at 106 Madrid Street, San Francisco (First Amd. Compl. Exh. 1). In July 2007, plaintiffs obtained a $650,000 loan from defendant Paul Financial, LLC. The loan was secured by deed of trust that identified defendant Paul Financial, LLC, as the lender, MERS, as the beneficiary, and defendant Foundation Conveyancing, LLC, as the trustee (RJN Exh. A). The deed of trust was officially recorded by the San Francisco Assessor on July 11, 2007, as Instrument Number 415614 (*ibid*.). Plaintiffs ceased making payments on their loan in June 2009 (First Amd. Compl. ¶ 24).

On August 14, 2007, plaintiffs allege they received a letter from Paul Financial, LLC, indicating that the servicing of their mortgage loan would transfer to Washington Mutual ("WaMu"), effective September 1, 2007. In October 2008, plaintiffs became aware that Chase claimed to have become the new loan servicer (*id*. at ¶¶ 15, 16, 72). The letter from WaMu to plaintiffs and documentation of the communication from Chase to plaintiffs are not submitted as evidence by either plaintiffs or defendants.

On December 3, 2010, MERS executed an assignment of deed of trust in favor of defendant Chase. The assignment was recorded on December 9 (RJN Exh. B). Chase, as beneficiary, then executed a substitution of trustee on December 3, and substituted defendant CRC for the original trustee, Foundation Conveyancing, LLC (RJN Exh. C). On December 9, CRC, as trustee, recorded a notice of default with the San Francisco Assessor (RJN Exh. D). In March 2011, plaintiffs received notice of trustee sale scheduled for April 1, but the sale was rescheduled for May 3 (RJN Exh. E; First Amd. Compl. ¶ 35).

On the motion to dismiss, defendants submitted a request for judicial notice of the deed of trust, assignment of the deed of trust, substitution of trustee, notice of default and election to sell under deed of trust, and notice of trustee's sale. Judicial notice was taken of all five documents.

2

Plaintiffs were authorized to submit additional evidence and make a showing in opposition to the motion for summary judgment by November 10. Plaintiffs filed their brief in opposition on October 12, appending only one exhibit. On November 15, plaintiffs submitted an addendum and appended six additional exhibits in support of their opposition to the motion for summary judgment. Plaintiffs were not granted leave to submit this addendum. But in light of the fact that plaintiffs proceed *pro se* and appended only one exhibit to their opposition to the instant motion, the order finds it to be in the interest of justice to accept the supplemental submission. This order follows the above-stated briefing, expedited discovery, and a hearing.

## ANALYSIS

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Where the party moving for summary judgment would bear the burden of proof at trial, that party bears the initial burden of producing evidence that would entitle it to a directed verdict if uncontroverted at trial. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party bears the initial burden of either producing evidence that negates an essential element of the non-moving party's claims, or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show there exists a genuine issue of material fact. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

**1.    CONVERSION TO SUMMARY JUDGMENT.**

A court may convert a Rule 12(b)(6) motion supported by extraneous materials into one for summary judgment in an explicit ruling that it will not exclude those materials from its consideration. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003). Defendants Rule 12(b)(6) motion was so supported.

Plaintiffs contest conversion of three of their claims in the motion to dismiss to a motion for summary judgment on the ground that discovery is still pending (Opp. 21–22). Plaintiffs cite

3

no binding authority in support of their argument; the order finds their argument to be unpersuasive. Plaintiffs were given ten weeks to take expedited discovery to make a showing on the motion for summary judgment. Plaintiffs contend that defense counsel was not responsive to plaintiffs' attempts to meet and confer and deemed many requested documents as confidential. No evidence of stonewalling by defendants is put forward by plaintiffs. In fact, in their addendum, plaintiffs acknowledge receipt of "close to 2000 pages" of discovery from defendants in response to plaintiffs' "400 requests" (Pl. Suppl. 2). This does not seem to be a case wherein defense counsel is stonewalling, and again, plaintiffs have put forward no evidence of defense counsel's non-compliance with discovery requests.

### 2.  DOCUMENTED CHAIN OF TITLE.

Defendants seek summary judgment on plaintiffs' claims for cancellation of deed of trust, wrongful foreclosure, and unjust enrichment. All three of these claims are grounded in plaintiffs' underlying theory that there were defects and irregularities in the chain of title.

The original deed identifies MERS as the beneficiary "and the successors and assigns of MERS" (RJN Exh. A at 3). California Civil Code Section 2934a authorizes the beneficiary to substitute the trustee. Section 2924 allows "the trustee, mortgagee, or beneficiary" to file and record a notice of default.

Here, MERS, the original beneficiary assigned Chase as the beneficiary of the deed (RJN Exh. B). Chase, as the new beneficiary, then substituted CRC as trustee (RJN Exh. C). CRC, as trustee filed the notice of default on December 3, 2010, and it was recorded by the San Francisco Assessor on December 9 (RJN Exh. D). Plaintiffs have submitted no evidence to contradict this documented chain of title.

Plaintiffs do, however, raise a blanket challenge to the authenticity of the signatures on the "original documents" (Pl. Suppl. 3–5 ). Thus, they challenge the signature of Colleen Irby on the assignment of deed of trust and the substitution of trustee document (RJN Exhs. B at 27, C). Both of those document were notarized and included a statement by the notary that Colleen Irby personally appeared before the notary and "proved to me on the basis of satisfactory evidence to be the person whose name is/are subscribed to the within instrument" (RJN Exhs. B at 28, C).

4

Plaintiffs state no reason why the notarized signatures should not be accepted as authentic. A challenge is also raised to the signature of Yana Grabovsky on the notice of default (RJN Exh. D). The notice of default, dated December 3, 2010, was stamped as recorded by the San Francisco Assessor on December 9. Plaintiffs state no specific reason why Ms. Grabovsky's signature, which was accepted by the Assessor, is not authentic. Finally, plaintiffs challenged the signature of Casimir Nunez on the notice of trustee sale (RJN Exh. E). Again, plaintiffs state no reason why this signature, which was accepted by the Assessor upon recording the notice of trustee's sale, is not authentic. Plaintiffs' blanket assertion that the signatures on these documents are not authentic does not create a genuine issue of material fact. Nor does it undermine the credibility of the documents.

Plaintiffs allege three claims for relief, all grounded in the theory that there are defects and irregularities in the chain of title: (1) cancellation of deed of trust; (2) wrongful foreclosure; and (3) unjust enrichment. Each is addressed in turn.

### 3. CANCELLATION OF DEED OF TRUST.

Defendants move for summary judgment on plaintiffs' claim for cancellation of deed of trust on the ground that there was a valid chain of title, including valid assignment and substitution of Chase as beneficiary for MERS and CRC as trustee. In bringing their claim for cancellation of deed of trust, plaintiffs do not state what specific law defendants are alleged to have violated. Plaintiffs' theory appears to be that MERS had no authority to assign the deed of trust, Chase had no authority to substitute CRC as trustee, and ultimately, CRC had no authority to initiate foreclosure proceedings (Opp. 3–7). Defendants have submitted evidence to establish a chain of title, with valid assignments and substitutions. Plaintiffs make no showing that a genuine issue of material fact exists as to this claim. Defendants' motion for summary judgment on plaintiffs' claim for cancellation of deed of trust is **GRANTED**.

### 4. WRONGFUL FORECLOSURE.

Defendants move for summary judgment on plaintiffs' claim for wrongful foreclosure, which is based on a theory that defendants lacked standing to initiate foreclosure proceedings. Not so. The assignment of Chase and substitution of CRC were valid under California law.

5

1  Thus, Chase, as the assigned beneficiary, and CRC, as the trustee had the authority to initiate
2  foreclosure proceedings. *See* CAL. CIVIL CODE § 2924 (stating the "trustee, mortgagee, or
3  beneficiary" may file and record a notice of default). Plaintiffs' contention that defendants
4  needed to physically possess the original note is inconsistent with California Civil Code Section
5  2924, which contains no such requirement (*see* Opp. 16). Defendants have made a showing that
6  Chase and CRC had the authority to initiate foreclosure proceedings. Plaintiffs have failed to
7  submit evidence that creates a genuine issue of material fact. Defendants' motion for summary
8  judgment on plaintiffs' claim for wrongful foreclosure is **GRANTED**.

    **5.   UNJUST ENRICHMENT.**

10  Defendants move for summary judgment on plaintiffs' claim for unjust enrichment.
11  Plaintiffs theory in support of this claim is that Chase had no right to accept plaintiffs' mortgage
12  payments because Chase did not hold the loan. Thus, Chase unjustly benefitted from receiving
13  plaintiffs' payments on the mortgage.

14  Pursuant to the terms of the deed of trust, the "Note or a partial interest in the Note . . . can
15  be sold one or more times without prior notice to Borrower," and such a sale "might result in a
16  change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the
17  Note" (RJN Exh. A at 11). In the event of such a sale, the "Borrower will be given written notice
18  of the change which will state the name and address of new Loan Servicer" (*ibid*.).

19  Plaintiffs acknowledge in their opposition brief that Paul Financial, LLC, informed them
20  of the change of servicing from Paul Financial, LLC, to WaMu, in a formal letter dated August
21  14, 2007 (Opp. 8; *see* First Amd. Compl. ¶¶ 15–16). Plaintiffs allege in their complaint that as of
22  October 2008, Chase began to demand mortgage payments from plaintiffs, claiming it was the
23  new loan servicer as it had "acquired certain assets" from WaMu (First. Amd. Compl. ¶ 72).
24  However, plaintiffs dispute that Chase actually acquired certain assets from WaMu, arguing that
25  WaMu "did not have Plaintiffs' loan on their books on September 25, 2008, when the bank was
26  declared defunct" (Opp. 11).

27  Whereas here, defendants do not bear the burden of proof at trial, and are the party
28  moving for summary judgment, they must put forward evidence that negates an essential element

6

of plaintiffs' claim or show that plaintiffs do not have enough evidence for an essential element to carry their ultimate burden of persuasion at trial. Defendants have put forward no evidence to show that WaMu held plaintiffs' loan at the time it allegedly sold it to Chase. Without knowing if Chase obtained the note from WaMu, the order cannot determine if Chase was unjustly enriched by receipt of plaintiffs' mortgage payments. Thus, defendants' motion for summary judgment as to plaintiffs' unjust enrichment claim is **DENIED**.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. As to the operative first amended complaint, after Rule 12(b)(6) motion practice and the instant order, the following claims remain alive: (1) claim for violation of California Civil Code Section 2923.5; (2) claim for unfair business practices in violation of California Business and Professions Code Section 17200; and (3) claim for unjust enrichment.

**IT IS SO ORDERED.**

Dated: December 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7