IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMIL P. MILYAKOV and
MAGDALENA A. APOSTOLOVA,

    Plaintiffs,

  v.

JP MORGAN CHASE, N.A., HSBC BANK
USA, N.A., CALIFORNIA RECONVEYANCE
COMPANY, PAUL FINANCIAL, LLC,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and FOUNDATION
CONVEYANCING, LLC,

    Defendants.

No. C 11-02066 WHA

**ORDER ON PLAINTIFFS'
MOTION FOR LEAVE
TO FILE SECOND
AMENDED COMPLAINT**

    On September 23, 2011, plaintiffs Emil Milyakov and Magdalena Apostolova, moved for leave to file a second amended complaint (Dkt. No. 43). By order dated September 2, 2011, plaintiffs were permitted to seek leave to amend their first amended complaint, as to any of the claims dismissed therein. Plaintiffs' claims for slander of title and injunctive relief were the only two claims dismissed by the order. The order further instructed that plaintiffs must file a proposed second amended complaint along with their motion for leave to amend and that the motion should "clearly explain how the amendments to the complaint cure the deficiencies identified herein" (Dkt. No. 35 at 9–10).

    Plaintiffs' proposed second amended complaint omits any claim for slander of title, but it includes a request for injunctive relief in the prayer for relief stating "For Injunctive relief against

all Defendants, including TRO, Preliminary Injunction and Permanent Injunction, to forbid and enjoin Defendants from foreclosing on Plaintiffs home on 106 Madrid St., San Francisco, CA" (Dkt. No. 43-1 at 22).

As to their claim for injunctive relief, the order of dismissal instructed that "[i]njunctive relief . . . is a remedy which must rely upon underlying claims. If plaintiffs seek injunctive relief, they should request it as part of their prayer for relief" (*id.* at 4). It appears, though it is unclear — as plaintiffs did not comply with the dismissal order and explain how their proposed amendment cures the deficiencies identified in the dismissal order — that plaintiffs may be seeking injunctive relief as a remedy for their unfair competition claim, which remains alive. This would be proper.

Plaintiffs' proposed second amended complaint also adds a new claim for "fraud with demand for cancellation of deed instruments," a new claim for quiet title, and adds MERSCORP, Inc, as a new defendant. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[*]

Plaintiffs were permitted to seek leave to file a second amended complaint only as to those claims dismissed in the order dated September 2. They were not permitted to add new claims or defendants. And the motion for leave to amend does not state any reason for plaintiffs' delay in adding new claims and defendants. Expedited discovery has been completed, the complaint has already been amended, the parties have gone through one round of Rule 12(b)(6) motion practice and a motion for summary judgment. Given that plaintiffs offer no reason for their delay in pleading the new claims and adding a new defendant at some time before now, the order does not find that justice requires allowing plaintiffs to make these amendments, after significant motion practice and discovery.

---

[*] The new claim for "fraud with demand for cancellation of deed instruments," appears to build off of plaintiffs' claim for cancellation of deeds and purportedly adds to it a claim for fraud. Defendants' motion for summary judgment was granted on the claim for cancellation of deed.

2

Plaintiffs are permitted to file a second amended complaint adding injunctive relief as a requested form of relief, to this extent only, the motion is **GRANTED**. Leave to file a second amended complaint to include all other proposed amendments is **DENIED**.

\*     \*     \*

In their reply brief, plaintiffs state they "believe there should be sanctions if there is no compliance with the law and request this court for this" (Dkt. No. 46 at 3). A motion for sanctions is the proper vehicle to make such a request. Should plaintiffs seek sanctions, they should bring a motion for sanctions and clearly state fact and law in support of their motion.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is, to the extent stated above, **GRANTED**. Plaintiffs shall file their second amended complaint **BY NOON ON DECEMBER 9, 2011**, and answers will be due within **FOURTEEN CALENDAR DAYS** thereafter.

**IT IS SO ORDERED.**

Dated: December 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3