**BRYAN CAVE LLP**
C. Scott Greene, California Bar No. 277445
Selia Acevedo, California Bar No. 233877
Two Embarcadero Center, Suite 1410
201 Clay Street
San Francisco, CA 94111-3907
Telephone:     (415) 675-3400
Facsimile:      (415) 675-3434
E-Mail:         scott.greene@bryancave.com
                acevedos@bryancave.com

**BRYAN CAVE LLP**
Sean D. Muntz, California Bar No. 223549
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:     (949) 223-7000
Facsimile:      (949) 223-7100
Email:          sean.muntz@bryancave.com

Attorneys for Defendants JPMORGAN CHASE BANK, N.A.; CALIFORNIA
RECONVEYANCE CO.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| EMIL P. MILYAKOV; MAGDALENA A. APOSTOLOVA<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE, N.A.; HSBC BANK USA, NA; CALIFORNIA RECONVEYANCE CO.; PAUL FINANCIAL, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC (MERS); FOUNDATION CONVEYANCING, LLC; AND DOES 1 THROUGH 100,<br><br>Defendants. | Case No. 11-cv-2066-WHA<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS JPMORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE CO. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with Request for Judicial Notice; and, [Proposed] Order]<br><br>Date:       Thursday February 2, 2012<br>Time:       8:00 a.m.<br>Location:   450 Golden Gate Avenue, San Francisco, CA 94102<br>Courtroom:   9 - 19th Floor<br><br>Judge:   Honorable William Alsup<br><br>Date Action Filed:   April 20, 2011<br>Action Removed:   April 27, 2011<br><br>Trial Date:       Not yet assigned |

C022167/0322255/57288.1

**TO PLAINTIFFS, ALL PARTIES, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on Thursday, February 2, 2012, at 8:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor, in the San Francisco Courthouse 450 Golden Gate Avenue, San Francisco, CA 94102, defendants JPMORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE CO.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (collectively, "Defendants") will, and hereby do, move this Court, the Honorable William H. Alsup presiding, for an Order dismissing the Second Amended Complaint of Plaintiffs Emil P. Milyakov and Magdalena A. Apostolova ("Plaintiffs") pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, in its entirety, for failure to state a claim upon which relief can be granted.

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the files and records herein, and such further evidence as may be received by the Court.

Dated:  December 27, 2011                    **BRYAN CAVE LLP**

                                            By:   */s/ Selia M. Acevedo*
                                            _____
                                                  Selia M. Acevedo
                                            Attorneys for Defendants
                                            JPMORGAN CHASE BANK, N.A.;
                                            CALIFORNIA RECONVEYANCE CO.; and
                                            MORTGAGE ELECTRONIC REGISTRATION
                                            SYSTEMS, INC.

**Table of Contents**

Page

I.    INTRODUCTION ................................................................................................ 1

II.   FACTS .............................................................................................................. 1

III.  STANDARD FOR MOTION TO DISMISS ..................................................... 3

IV.   PLAINTIFFS HAVE NO BASIS TO CHALLENGE THE ABILITY OF MERS
      TO ASSIGN THE DEED OF TRUST ............................................................... 4

      A.   Plaintiffs Expressly Agreed in Signing the Deed of Trust that MERS Was
           the Beneficiary and Could Assign the Deed of Trust to Another Party. ............... 4

      B.   Plaintiffs Had the Burden of Proving an Invalid Assignment And Even If
           They Could Prove Invalidity They Cannot Prove Prejudice Because the
           Assignment Merely Substituted One Creditor for Another Without
           Changing Their Obligations Under the Note. .............................................. 6

      C.   Plaintiffs Cannot Allege That Chase Did Not Obtain an Interest in the Note
           in Any Manner Because They Expressly Agreed in Signing the Deed of
           Trust that the Note Could Be Sold One or More Times Without Notice to
           Them. ................................................................................................ 7

      D.   Although Not Required Under California Law, Chase Has "Produced" the
           Note, Which Proves that Chase Is Current Owner of the Loan Pursuant to
           Section 3205 of the California Commercial Code. ..................................... 8

V.    PLAINTIFFS' CHALLENGES TO THE SECURITIZATION OF THE LOAN
      SHOULD BE DISREGARDED BECAUSE CHASE DOES NOT OWN THE
      LOAN THROUGH A SECURITIZED TRUST, PLAINTIFFS LACK STANDING
      TO CHALLENGE SECURITIZATION OF THE NOTE, AND
      SECURITIZATION DOES NOT DISRUPT THE POWER OF SALE ...................... 9

VI.   PLAINTIFFS' FOUR CAUSES OF ACTION ALSO FAIL TO STATE A CLAIM
      AGAINST DEFENDANTS ............................................................................... 11

      A.   The First Cause of Action for Injunctive Relief Fails Because It Is A
           Remedy – Not a Cause of Action, the Court Already Dismissed the Claim,
           and the Claim Violates the Court's Order Granting Leave to File a Second
           Amended Complaint. ............................................................................... 11

      B.   The Second Cause of Action for Violation of Civil Code Section 2923.5
           Fails Because There Is No Active Notice of Default, the Only Remedy
           Available Has Been Provided, and Plaintiffs Cannot Prove and Are Not
           Entitled to Damages. ............................................................................... 11

      C.   The Third Cause of Action for Quasi Contract Fails Because It Is
           Impermissibly Pled as an Independent Cause of Action, Collection of Loan
           Payments By the Servicer and Owner of the Note Is Not "Unjust" and an
           Express Binding Agreement Exists that Defines the Parties Rights. .............. 13

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

D.   The Fourth Cause Of Action For Unfair Competition Fails Because It Is Derivative of the Other Claims that Fail, the New Allegations Violate the Court's Order Granting Leave to File a Second Amended Complaint and Fail to State a Claim Against the Moving Defendants Because They Are Based on Origination Issues or Underlying Claims that Fail as a Matter of Law. ........................................................................................................... 14

VII.   CONCLUSION .......................................................................................................... 17

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT – CASE NO. 11-cv-2066-WHA

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

## Table of Authorities

Page(s)

### Cases

*Alvara v. Aurora Loan Servs.*,
  2009 WL 1689640 (N.D. Cal. Jun. 16, 2009)................................................................9

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009)..............................................................................................3, 9

*Bascos v. Fed. Home Loan Mortg. Corp.*,
  2011 WL 3157063 (C.D. Cal. July 22, 2011)............................................................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007).........................................................................3

*Benham v. Aurora Loan Servs.*,
  2009 U.S. Dist. LEXIS 78384 (N.D. Cal. Sept. 1, 2009).............................................6

*Bezverkhov v. Cal-Western Reconveyance Corp.*,
  2009 WL 4895581 (E.D. Cal. Dec. 11, 2009)............................................................10

*Blank v. Kirwan*,
  39 Cal. 3d 311 (1985)................................................................................................14

*Caballero v. Ocwen Loan Serv.*,
  2009 WL 1528128 (N.D. Cal. May 29, 2009)............................................................17

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.*,
  94 Cal. App. 4th 151 (2001)......................................................................................14

*Chabner v. United Of Omaha Life Ins. Co.*,
  225 F.3d 1042 (9th Circ. 2000) .................................................................................14

*Cox Communications PCS, L.P. v. City of San Marcos*,
  204 F. Supp. 2d 1272 (S.D. Cal. 2002)......................................................................11

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ..................................................................................13

*Durning v. First Boston Corp.*,
  815 F.2d 1265 (9th Cir. 1987) .................................................................................4, 9

Fontenot v. Wells Fargo Bank, N.A.,
  198 Cal. App. 4th 256 (2011)...........................................................................5, 6, 7, 8

*Greene v. Home Loan Servs., Inc.*,
  2010 WL 3749243 (D. Minn. Sept. 21, 2010)...........................................................10

*Hafiz v. Greenpoint Mortgage Funding, Inc.*,
  652 F. Supp. 2d 1039 (N.D. Cal. 2009)......................................................................10

*Ines v. Countrywide Home Loans, Inc.*,
  2009 WL 690108 (S.D. Cal. 2009).............................................................................17

*Izenberg v. ETS Servs.*,
  589 F. Supp. 2d 1193 (C.D. Cal. 2008)......................................................................17

*Kachlon v. Markowitz*,
  168 Cal. App. 4th 316 (2008) ......................................................................................6

*Lectrodryer v. SeoulBank*,
  77 Cal. App. 4th 723 (2000).......................................................................................13

*Mabry v. Superior Court of Orange County*,
   185 Cal. App. 4th 208 (2010) ........................................................................... 12

*Marlin v. AIMCO Venezia, LLC*,
   154 Cal. App. 4th 154 (2007) ........................................................................... 11

*Melchoir v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) ........................................................................... 13

*Mulato v. WMC Mortgage Corp.*,
   2010 WL 1532276 (N.D. Cal. April 16, 2010) ................................................. 10

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ............................................................................. 3

*Nool v. HomeQ Servicing*,
   653 F. Supp. 2d 1047 (E.D. Cal. 2009) ............................................................ 14

*Partington v. Bugliosi*,
   56 F.3d 1147 (9th Cir. 1995) ............................................................................. 4

*Rivera v. BAC Home Loans Servicing, L.P.*,
   2010 WL 2757041 (N.D. Cal. July 9, 2010) .................................................... 17

*Rodenhurst v. Bank of Am.*,
   773 F. Supp. 2d 886 (D. Haw. Feb. 23, 2011) ................................................. 10

*Shamsian v. Atl. Richfield Co.*,
   107 Cal. App. 4th 967 (2003) ........................................................................... 11

*Sicairos v. NDEX West, LLC*,
   2009 WL 385855 (S.D. Cal. Feb. 13, 2009) ..................................................... 9

**Statutes**

Bus. & Prof. Code § 10234(a) ................................................................................. 5

Bus. & Prof. Code § 17200 .............................................................................. 1, 14

Cal. Civ. Code § 2934 ............................................................................................ 5

Cal. Com. Code § 3204 .......................................................................................... 9

Civ. Code § 1788.1(b) .......................................................................................... 17

Civ. Code § 1788.2(c) .......................................................................................... 17

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 3

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

C022167/0322255/57288.1

DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT – CASE NO. 11-cv-2066-WHA

1      <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.      <u>INTRODUCTION</u>**

3           This matter arises out of a residential mortgage loan Plaintiffs Emil P. Milyakov and

4  Magdalena A. Apostolova ("Plaintiffs") obtained in July 2007 (the "Loan").  (Second Amended

5  Complaint ("Compl.") ¶ 14.)  Plaintiffs bring this action for:  1) injunctive relief; 2) violation of

6  Civil Code section § 2923.5; 3) unjust enrichment on quasi-contract; and 4) unfair competition

7  (violation of Bus & Prof. Code § 17200 *et seq.*) in connection with real property located in San

8  Francisco, California.  Because none of Plaintiffs' causes of action allege facts sufficient to state a

9  claim against the moving defendants JPMorgan Chase Bank, N.A. ("Chase"), California

10  Reconveyance Company ("CRC") and Mortgage Electronic Registration Systems, Inc. ("MERS")

11  (collectively, "Defendants"), Defendants respectfully request that the Court dismiss the Complaint

12  without leave to amend as amendment would be futile.

13  **II.     <u>FACTS</u>**

14           Plaintiffs borrowed $650,000.00 from nonmoving defendant Paul Financial, LLC to

15  refinance an existing loan for residential property in July 2007 (the "Property").  (Compl. ¶ 14.)

16  The promissory note is secured by a "Deed of Trust," identifying Plaintiffs as "Borrower," Paul

17  Financial, LLC as "Lender," MERS as "Beneficiary," and Foundation Conveyancing, LLC as

18  "Trustee."  (Compl. ¶ 14; RJN, Exh. A ("Deed of Trust").)  The Deed of Trust was recorded on

19  July 11, 2007, in the Official Records of the County of San Francisco.  (*Id.*)  The Deed of Trust

20  expressly permits foreclosure in the event of default.  (Deed of Trust at 3 ("Borrower irrevocably

21  grants and conveys to Trustee, in trust, with power of sale the following described property

22  located in the County of San Francisco… .")  The Deed of Trust also permits a loan servicer to

23  collect payments on the Loan.  (Deed of Trust ¶ 20 at 11.)  Plaintiffs also expressly agreed by

24  signing the Deed of Trust that the "Note or a partial interest in the Note . . . can be sold one or

25  more times without prior notice to Borrower."  (Deed of Trust §20 at p. 10.)  In June 2009,

26  Plaintiffs stopped making payments on the Loan.  (Compl. ¶ 26.)

27           In or about August 2007, Washington Mutual ("WaMu") became the servicer on the Loan

28  and began collecting Loan payments from Plaintiffs in September 2007.  (Compl. ¶¶ 16, 21.)  On

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as

2   receiver.  On the same date, Chase entered into a Purchase and Assumption Agreement ("P&A

3   Agreement") with the FDIC acting in its corporate capacity and as receiver for WaMu.  (RJN,

4   Exh. B.)  Pursuant to the P&A Agreement, Chase acquired all of the servicing rights and

5   obligations of WaMu.  (*Id.* (Art. III *Purchase of Assets*, § 3.1 *Assets Purchased by Assuming Bank*

6   ("[t]he Assuming Bank specifically purchases all mortgage servicing rights and obligations of the

7   failed bank."); *also* Schedule 3.2 *Purchase Price of Assets*, subd. (n) showing purchase price as

8   "book value" for the "rights of failed bank to provide mortgage servicing for others and to have

9   mortgage servicing provided to failed bank by others and related contracts").)  The P&A

10  Agreement is a matter of public record, as the FDIC is a governmental entity.  Accordingly, Chase

11  became servicer of the Loan effective September 25, 2008 and began collecting Loan payments

12  from Plaintiffs in October 2008.  (Compl. ¶ 93.)

13       On December 3, 2010, MERS, as beneficiary under the Deed of Trust, executed an

14  Assignment of Deed of Trust that transferred all beneficial interest in the Deed of Trust, together

15  with the note, to Chase.  (Compl. ¶ 29; RJN, Exh. C ("Assignment").)  The Assignment was

16  recorded on December 8, 2010, in the Official Records of the County of San Francisco.

17       Contemporaneously with the Assignment, Chase, as the owner and beneficiary of the

18  Loan, executed a Substitution of Trustee on December 3, 2010, substituting Defendant CRC for

19  the original trustee, Foundation Conveyancing, LLC.  (Compl. ¶ 29; RJN, Exh. D

20  ("Substitution").)

21       On December 9, 2010, CRC, as "the duly appointed Trustee under [Plaintiffs'] Deed of

22  Trust, recorded a Notice of Default, approximately 18 months after Plaintiffs stopped making

23  payments on the Loan.  (Compl. ¶ 31; RJN, Exh. E ("Notice of Default") (indicating that no

24  payments had been received from Plaintiffs since July 2009.)  As Plaintiffs admit, a Declaration of

25  Compliance pursuant to California Civil Code section 2923.5(b) signed by a Chase representative

26  accompanied the Notice of Default. (Compl. ¶ 32; RJN, Exh. E.)  As of December 3, 2010,

27  Plaintiff was $72,358.90 in arrears.  (RJN, Exh. E.)

28       On March 10, 2011, CRC recorded a Notice of Trustee's Sale.  (Compl. ¶ 37; RJN, Exh. F

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   ("Notice of Trustee's Sale").)  The Notice of Trustee's Sale set the sale for April 1, 2011, and

2   listed the estimated unpaid balance and other charges related to the Loan as $766,693.56.  (RJN,

3   Exh. F.)  Thereafter, Defendants voluntarily postponed the Trustee's sale numerous times.  (*See,*

4   *e.g.* Docket Entry ("D.E.") 6 & 14 (Stipulation Regarding Deadline to File Responsive Pleading)

5   (indicating that Trustee's sale was continued to July 6, 2011 and then to August 10, 2011,

6   respectively).)

7         Because a loan modification review was still pending, on November 10, 2011, Defendants

8   had the Notice of Default and Notice of Trustee's Sale recorded against the Property rescinded.

9   (RJN, Exh. G.)  The rescission was recorded on November 18, 2011, in the Official Records of the

10  County of San Francisco.  (*Id.*)  Accordingly, <u>no Notice of Default or Notice of Trustee's Sale is</u>

11  <u>currently pending against the Property.</u>

12  **III.**      **STANDARD FOR MOTION TO DISMISS**

13        Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint.

14  *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  However, mere "labels and conclusions"

15  and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a

16  motion to dismiss.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)

17  (citations omitted).  The Supreme Court has summarized the guiding principles in *Ashcroft v.*

18  *Iqbal*, 129 S.Ct. 1937, 1949-50 (2009):

19      To survive a motion to dismiss, a complaint must contain sufficient factual
20      matter, accepted as true to "state a claim to relief that is plausible on its face."  A
        claim has facial plausibility when the plaintiff pleads factual content that allows
21      the court to draw the reasonable inference that the defendant is liable for the
        misconduct alleged. . . .   Where a complaint pleads facts that are "merely
22      consistent with" a defendant's liability, it "stops short of the line between
        possibility and plausibility of "entitlement to relief."

23      [T]he tenet that a court must accept as true all of the allegations contained in a
        complaint is inapplicable to legal conclusions.  Threadbare recitals of the
24      elements of a cause of action, supported by mere conclusory statements, do not
        suffice.

25      [W]here the well-pleaded facts do not permit the court to infer more than the
        mere possibility of misconduct, the complaint has alleged – but it has not
26      "show[n]" – "that the pleader is entitled to relief."  In keeping with these
        principles a court considering a motion to dismiss can choose to begin by
27      identifying pleadings that, because they are no more than conclusions, are not
        entitled to the assumption of truth.

28

1   *Id.* (internal citations omitted).

2       When considering a motion to dismiss, the Court should also disregard allegations that are

3   contradicted by exhibits to the complaint, or by documents referred to in the complaint and

4   considered pursuant to judicial notice.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th

5   Cir. 1987).

6       Leave to amend may be denied where amendment would be futile.  *See Partington v.*

7   *Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995).

8   **IV.   PLAINTIFFS HAVE NO BASIS TO CHALLENGE THE ABILITY OF MERS TO**

9           **ASSIGN THE DEED OF TRUST**

10      Plaintiffs' fundamental contention is that MERS was not the real beneficiary, and thus any

11  subsequent assignment of the Deed of Trust from MERS to any future party (in this case Chase)

12  was void.  Plaintiffs posture that because MERS was not the real beneficiary, it had no right to

13  assign the Deed of Trust to Chase – who, in turn, had no right to substitute a new Trustee, CRC –

14  and thus, Chase had no right to pursue foreclosure of the property through its Trustee CRC.

15  (Compl. ¶¶ 55-58; also 144-147.)  On this basis, Plaintiffs seek to enjoin any foreclosure sale and

16  void the Loan altogether.  (*See generally* Compl., Prayer for Relief ¶¶ 3, 7.)  As a preliminary

17  matter, Plaintiffs are not entitled to bring an action to determine whether a beneficiary has

18  authority to initiate nonjudicial foreclosure proceedings.  *Gomes v. Countrywide Home Loans, Inc.*

19  , 192 Cal. App. 4th 1149, 1155 (2011) ("The recognition of the right to bring a lawsuit to

20  determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder

21  would <u>fundamentally undermine</u> the nonjudicial nature of the process and introduce the possibility

22  of lawsuits filed solely for the purpose of delaying valid foreclosures.") (emphasis added).

23  Plaintiffs' attempt to enjoin any foreclosure sale and to determine the authority of the beneficiary

24  to proceed with the same is improper as a matter of law.  Plaintiffs' claims fail for the following

25  additional reasons.

26      **A.   Plaintiffs Expressly Agreed in Signing the Deed of Trust that MERS Was the**

27          **Beneficiary and Could Assign the Deed of Trust to Another Party.**

28      The plain language of the recorded Deed of Trust demonstrates that MERS was the

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

beneficiary and further, that MERS could assign another party as beneficiary. Under the section entitled TRANSFER OF RIGHTS IN THE PROPERTY, the Deed of Trust provides that "**[t]he beneficiary of this Security Instrument is MERS** (solely as nominee for Lender and Lender's successors and assigns) **and the successors and assigns of MERS**." (Deed of Trust at p. 3 (emphasis added).) Moreover, as nominee, MERS may act as agent for the original lender and each of its successors and assigns. *See, e.g.*, *Gomes*, 192 Cal. App. 4th at 1149 (holding that MERS may initiate foreclosure as the nominee, or agent, of the noteholder). The Deed of Trust expressly empowered MERS with all of the rights of the lender.

> Borrower understands and agrees that MERS hold only legal title to the interests granted by Borrower in this Security Instrument, but, **if necessary** to comply with law or custom, **MERS** (as nominee for Lender and Lender's successors and assigns) **has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and the take any action required of Lender** . . . .

(Deed of Trust at p. 3 (emphasis added).) Accordingly, "MERS was the beneficiary under the deed of trust because, as a legally operative document, the deed of trust designated MERS as the beneficiary." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 266 (2011) (interpreting the legal affect of identical language in a deed of trust). This is consist with California law, which expressly contemplates that a lender can designate a nominee to be the beneficiary under a deed of trust and permits the recording of such instruments. Bus. & Prof. Code § 10234(a).

As the beneficiary under the Deed of Trust MERS had the authority to assign its beneficial interest under the Deed of Trust to Chase, which occurred on December 3, 2010. *See* Civ. Code § 2934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons.").

To the extent that Plaintiffs argue that MERS was "merely 'nominee'" of the original lender, and thus lacked any legal authority to assign the Deed of Trust, that argument has been squarely rejected in California. In *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256 (2011) the plaintiff alleged that "MERS lacked the authority to assign the note because it was

merely a nominee of the lender and had no interest in the note." *Id.* at 271.  The court expressly rejected plaintiff's contention and found that such an allegation "is insufficient to demonstrate that MERS lacked authority to make a valid assignment of the note on behalf of the original lender." *Id.*

Chase, as the properly assigned beneficiary, had the authority to substitute CRC as the trustee and Plaintiffs do not allege any credible facts to the contrary.  *See, e.g., Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334 (2008) ("The beneficiary may make a substitution of trustee . . . to conduct the foreclosure and sale."); *Benham v. Aurora Loan Servs.*, 2009 U.S. Dist. LEXIS 78384, 8-9 (N.D. Cal. Sept. 1, 2009) (dismissing claim against beneficiary for negligence based on assignment and substitution).

**B.**   **Plaintiffs Had the Burden of Proving an Invalid Assignment And Even If They Could Prove Invalidity They Cannot Prove Prejudice Because the Assignment Merely Substituted One Creditor for Another Without Changing Their Obligations Under the Note.**

As a preliminary matter, the burden rests with Plaintiffs to prove the invalidity of the Assignment by MERS.  *Fontenot*, 198 Cal. App. 4th at 270 ("the claim fails because MERS did not bear the burden of proving a valid assignment") (rejecting Plaintiff's argument that MERS bore the burden of proving an assignment was valid because the comprehensive foreclosure scheme contains a presumption of regularity, which places the burden on the party challenging foreclosure to establish improprieties in the process).  As set forth above, Plaintiffs cannot establish invalidity of the Assignment because the plain terms of the Deed Trust and Assignment, both of which are subject to judicial notice, show that the Assignment was authorized and proper.

Even if Plaintiffs could prove invalidity of the Assignment – which they cannot – they still cannot prove prejudice because the Assignment merely substituted one creditor for another without changing their obligations under the Note.  In *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256 (2011), the Court of Appeal reiterated that plaintiffs must show prejudice to challenge foreclosures.  A "plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   interests." *Id.* at 272.  "Prejudice is not presumed from 'mere irregularities' in the process." *Id.*

2   Plaintiff in *Fontenot* challenged the assignment of the interest in the deed and note, however the

3   court rejected plaintiff's theory because plaintiff could not show prejudice. *Id.*  The court held:

> Even if MERS lacked authority to transfer the note, it is difficult to conceive how
> plaintiff was prejudiced by MERS's purported assignment . . . .  Because a
> promissory note is a negotiable instrument, a borrower must anticipate it can and
> might be transferred to another creditor.  As to plaintiff, an assignment merely
> substituted one creditor for another, without changing her obligations under the
> note . . . . If MERS indeed lacked authority to make the assignment, the true victim
> was not plaintiff but the original lender, which would have suffered the
> unauthorized loss of a $1 million promissory note.

9   *Id.*  As in *Fontenot*, Plaintiffs here cannot show prejudice from the transfer of the Deed of Trust

10  because the Assignment merely substituted one creditor for another without changing their

11  obligations under the Note.  The true victim of the Assignment, if any, would have been the then-

12  current owner of the Loan, "which would suffered the unauthorized loss of a [$650,000.00]

13  promissory note." *Id.*  Plaintiffs do not and cannot allege that any lender has challenged the

14  validity of the Assignment.

**C.**   **Plaintiffs Cannot Allege That Chase Did Not Obtain an Interest in the Note in Any Manner Because They Expressly Agreed in Signing the Deed of Trust that the Note Could Be Sold One or More Times Without Notice to Them.**

18          Plaintiffs' allegation that MERS could not assign the interest in the Note to Chase is

19  insufficient because Plaintiffs cannot allege that Chase did not obtain an interest in any manner.

20  *Fontenot*, 198 Cal. App. 4th at 271-72.  That Plaintiffs would not be aware that the Note was sold

21  is not surprising.  Plaintiffs expressly agreed by signing the Deed of Trust that the "Note or a

22  partial interest in the Note . . . can be sold one or more times without prior notice to Borrower."

23  (Deed of Trust §20 at p. 10.)  Plaintiffs' only real objection to the Assignment is that Paul

24  Financial, LLC had ceased to exist by the time the Assignment to Chase occurred.  (Compl. ¶ 55.)

25  However, as Plaintiffs acknowledge, Paul Financial, LLC sold the Loan shortly after origination.

26  (*See, e.g.* Compl. ¶ 95.)  Thus, the existence or non-existence of Paul Financial, LLC at the time of

27  the Assignment is irrelevant because Paul Financial, LLC was no longer the owner of the Note at

28  the time of the Assignment to Chase.  MERS was authorized to assign the Deed of Trust on behalf

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1  of the then-current owner of the Loan, and Plaintiffs do not allege any facts that suggest otherwise.

2  Plaintiffs confuse recording an Assignment of the Deed of Trust with the sale of the Note,

3  which need not be, and often is not, recorded. *Fontenot*, 198 Cal. App. 4th at 271-72. ("Plaintiff

4  rests her argument on the documents in the public record, but assignments of debt, as opposed to

5  assignments of the security interest incident to the debt, are commonly not recorded."). In

6  *Fontenot*, the court considered this point as an additional basis for rejecting plaintiff's attack on

7  the validity of a MERS assignment. The court opined:

> There is a further, overriding basis for rejecting a claim based solely on the alleged invalidity of the MERS assignment. Plaintiff's cause of action ultimately seeks to demonstrate that the nonjudicial foreclosure sale was invalid because HSBC [the assignee] lacked authority to foreclose, never having received a proper assignment of the debt. In order to allege such a claim, **it was not enough for plaintiff to allege that MERS's purported assignment of the note in the assignment of deed of trust was ineffective. Instead, plaintiff was required to allege that HSBC did not receive a valid assignment of the debt in *any manner*.** Plaintiff rests her argument on the documents in the public record, but assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded. The lender could readily have assigned the promissory note to HSBC in an unrecorded document that was not disclosed to plaintiff. To state a claim, plaintiff was required to allege not only that the purported MERS assignment was invalid, but also that HSBC did not receive an assignment of the debt in any other manner. There is no such allegation.

(*Id.* at 271-72 (emphasis added).)

Where, as here, Plaintiffs cannot allege that Chase did not receive the assignment of the debt in any manner (and documents not subject to judicial notice but that would be properly attached to a motion for summary judgment would disprove any such allegation (*see* Part IV.D, *infra*), Plaintiffs' claim that the Assignment by MERS to Chase is invalid must fail.

**D.**   **Although Not Required Under California Law, Chase Has "Produced" the Note, Which Proves that Chase Is Current Owner of the Loan Pursuant to Section 3205 of the California Commercial Code.**

Plaintiffs contend that as a result of the purportedly invalid Assignment, that Chase has no beneficial interest in the Property. Although California law does not require Defendants to "produce" or "possess" the promissory note in order to initiate nonjudicial foreclosure proceedings, Chase produced the original promissory note in this case and allowed Plaintiffs to

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   inspect it.[1]  (Compl. ¶ 52)  The promissory note is indorsed by the original lender and defendant

2   Paul Financial, LLC as a blank indorsement ("PAY TO THE ORDER OF _____ WITHOUT

3   RECOURSE PAUL FINANCIAL, LLC).  Pursuant to Commercial Code section 3205(b), it is

4   payable to Chase as bearer of the instrument and Chase is the owner of the Loan.  Com. Code.

5   § 3205(b) ("If an indorsement is made by the holder of an instrument and it is not a special

6   indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable

7   to bearer and may be negotiated by transfer of possession alone until specially indorsed."); *see*

8   *also* Com. Code § 3204 (Official Commentary) ("An indorsement on an allonge is valid even

9   though there is sufficient space on the instrument for an indorsement.").  Plaintiffs do not present

10  any legitimate challenge to Chase's ownership of the Note.

11  **V.    PLAINTIFFS' CHALLENGES TO THE SECURITIZATION OF THE LOAN**

12          **SHOULD BE DISREGARDED BECAUSE CHASE DOES NOT OWN THE LOAN**

13          **THROUGH A SECURITIZED TRUST, PLAINTIFFS LACK STANDING TO**

14          **CHALLENGE SECURITIZATION OF THE NOTE, AND SECURITIZATION**

15          **DOES NOT DISRUPT THE POWER OF SALE**

16          Plaintiffs allude to the securitization of the Loan and argue that Defendants have not

17  presented documentation that the Assignment "was not barred by a cutoff date in the securitization

18  documents."  (Compl. ¶¶ 50-51.)  As a preliminary matter, "merely conclusory statements" are not

19  entitled to an assumption of truth, particularly where the allegations are contradicted by exhibits to

20  the complaint, or by documents referred to in the complaint and considered pursuant to judicial

21  notice.  *Ashcroft*, 129 S.Ct. at 1949-50; *Durning*, 815 F.2d at 1267.  Plaintiffs' vague challenge to

22  the securitization of the Loan should be disregarded because the recorded documents subject to

23  judicial notice show that the Deed of Trust is owned by Chase and not a securitized trust.  (*See*

24

25  [1] Courts have uniformly held that "[u]nder Civil Code section 2924, no party needs to physically possess the promissory note."  *Sicairos v. NDEX West, LLC*, 2009 WL 385855 at *3 (S.D. Cal. Feb. 13, 2009).  Indeed, "[u]nder

26  California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure."  *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009).

27  *See also, Alvara v. Aurora Loan Servs.*, 2009 WL 1689640 at * 6 (N.D. Cal. Jun. 16, 2009).  Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell."  *Moeller v. Lien*, 25 Cal. App. 4th,

28  777, 830 (1994).

1    Assignment at 1 (reflecting assignment of Deed of Trust together with the Note to "JPMorgan

2    Chase Bank, National Association" only, not as trustee of a securitized trust); *cf* (Compl. ¶ 51

3    ("Who is the owner of the loan? If not proven otherwise, most likely a New York Common Law

4    Trust.").)

5              Even if the Loan was securitized, Plaintiffs could not allege that they are parties or third

6    party beneficiaries to the pooling and service agreement ("PSA") that would govern a securitized

7    trust.  Thus, Plaintiffs would lack standing to challenge the PSA under basic principles of contract

8    law.  In *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063 (C.D. Cal. July 22, 2011),

9    plaintiff claimed that the assignee to the pooling agreement securitizing the loan violated the

10   agreement, and thus it had no authority to foreclose on the property at issue.  *Id.* at *6.  The court

11   granted the motion to dismiss, reasoning that "Plaintiff has no standing to challenge the validity of

12   the securitization of the loan as he is not an investor of the loan trust."  *Id.*  Indeed, the

13   "overwhelming authority does not support a cause of action based upon improper securitization."

14   *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 899-90 (D. Haw. Feb. 23, 2011); *Greene v.*

15   *Home Loan Servs., Inc.*, 2010 WL 3749243 at *4 (D. Minn. Sept. 21, 2010) ("Plaintiffs do not

16   have standing to bring their challenge regarding the securitization of the mortgage" because

17   "Plaintiffs are not a party to the [PSA].").

18             Moreover, the power of sale, which Plaintiffs expressly granted under the Deed of Trust

19   (Deed of Trust at p. 3), "is not disrupted by securitization of the note."  *Bezverkhov v. Cal-Western*

20   *Reconveyance Corp.*, 2009 WL 4895581 at *5 (E.D. Cal. Dec. 11, 2009).  Courts interpreting

21   California law have summarily rejected the argument that the power of sale pursuant to the deed of

22   trust is lost if the original promissory note is assigned to a trust pool.  *See, e.g.*, *Hafiz v.*

23   *Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Mulato v.*

24   *WMC Mortgage Corp.*, 2010 WL 1532276 at *2 (N.D. Cal. April 16, 2010).  Plaintiffs' arguments

25   regarding the securitization of the Loan are irrelevant and fail as a matter of law.

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

## VI.   PLAINTIFFS' FOUR CAUSES OF ACTION ALSO FAIL TO STATE A CLAIM AGAINST DEFENDANTS

### A.   The First Cause of Action for Injunctive Relief Fails Because It Is A Remedy – Not a Cause of Action, the Court Already Dismissed the Claim, and the Claim Violates the Court's Order Granting Leave to File a Second Amended Complaint.

Plaintiffs' claim for injunctive relief fails because injunctive relief is a remedy, and not a cause of action. *See Marlin v. AIMCO Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007); *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 984-85 (2003); *Cox Communications PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272 (S.D. Cal. 2002) (explaining that injunctive relief is not a separate cause of action). Moreover, the Court already dismissed this claim. (*See* Sept. 2, 2011, Order on Motion to Dismiss [D.E. 35].) On December 1, 2011, the Court granted Plaintiffs leave to file a second amended complaint "adding injunctive relief as a requested form of relief" only. (*See* Dec. 1, 2011, Order on Plaintiffs' Motion for Leave to fiel Second Amended Complaint [D.E. 83].) Plaintiffs' inclusion of injunctive relief as a cause of action violates the Court's Order. As a practical matter, Plaintiffs are not currently "in foreclosure" and thus injunctive relief at this point is premature. (*Cf.* RJN, Exh. G.) The first cause of action for Injunctive Relief should be dismissed without leave to amend.

### B.   The Second Cause of Action for Violation of Civil Code Section 2923.5 Fails Because There Is No Active Notice of Default, the Only Remedy Available Has Been Provided, and Plaintiffs Cannot Prove and Are Not Entitled to Damages.

Plaintiffs contend that Defendants violated Civil Code section 2923.5 because Chase did not communicate alternatives to foreclosure with Plaintiffs as required by that section. (Compl. ¶ 73.) Assuming for purposes of this Motion that Plaintiffs' allegation is true,[2] Plaintiffs' claim still fails.

First, Plaintiffs are not currently in foreclosure. On November 10, 2011, Defendants had

---

[2] Defendants expressly deny this allegation, and on a motion for summary judgment could provide evidence of correspondence and attempted correspondence with Plaintiffs pursuant to Civil Code section 2923.5.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1    the Notice of Default and Notice of Trustee's Sale recorded against the Property rescinded.  (RJN,

2    Exh. G.)  The rescission was recorded on November 18, 2011, in the Official Records of the

3    County of San Francisco.  (*Id.*)  Accordingly, no Notice of Default or Notice of Trustee's Sale is

4    currently pending against the Property.  Although Defendants reserve the right to record a new

5    default notice in the event that they are unable to reach an informal resolution with Plaintiffs

6    through their forthcoming modification of the existing Loan, the requirements of section 2923.5

7    apply only to an existing Notice of Default.  This is because section 2923.5 provides a very limited

8    right to postpone the foreclosure before it happens.  *See Mabry v. Superior Court of Orange*

9    *County*, 185 Cal. App. 4th 208, 235 (2010) (noting that, "the *only* remedy provided is a

10   postponement of the sale before it happens.") (emphasis in original).  Thus, where there is no

11   active Notice of Default pending, and Plaintiffs are not in foreclosure, the only remedy available

12   for a violation of section 2923.5 would not apply because there is no foreclosure sale to be

13   postponed.

14        As a practical matter, Plaintiffs cannot prove damages for any violation of section 2923.5,

15   and even if they could, they have received the benefit of the only remedy available.  The only

16   remedy Plaintiffs would have been entitled to for a violation of section 2923.5 is postponement of

17   the foreclosure sale.  Where, as here, Defendants have rescinded the Notice of Default altogether,

18   and Plaintiffs are not currently in foreclosure, they cannot prove any damage from failure to

19   "contact Plaintiffs, either in person or by telephone, to discuss Plaintiffs' financial condition

20   regarding the impending foreclosure" because Plaintiffs are currently being reviewed for a

21   modification of the Loan and there is no impending foreclosure yet to discuss.  (Compl. ¶ 73.)

22   Again, even if Plaintiffs could establish a violation of section 2923.5 on these facts, they have

23   been provided the only remedy available to them.  The second cause of action should be dismissed

24   without leave to amend.

25

26

27

28

DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT – CASE NO. 11-cv-2066-WHA

C.   **The Third Cause of Action for Quasi Contract Fails Because It Is Impermissibly Pled as an Independent Cause of Action, Collection of Loan Payments By the Servicer and Owner of the Note Is Not "Unjust" and an Express Binding Agreement Exists that Defines the Parties Rights.**

Plaintiffs' claim fails because "there is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (citing *Melchoir v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003)). "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchoir*, 106 Cal. App. 4th at 793. "Unjust enrichment is 'a general principle, underlying various legal doctrines and remedies,' rather than a remedy itself." *Id.*

Even if unjust enrichment was a proper cause of action, Plaintiffs still have not pled the elements of the prayer for unjust enrichment. To plead the prayer of unjust enrichment, Plaintiff needs to plead "receipt of a benefit and the unjust retention of the benefit at the expense of another." *See, e.g., Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). Plaintiffs claim that Chase has been unjustly enriched by any payments it has received under the Note because their obligations were extinguished when the original lender, Paul Financial, LLC, "received the balance on the Note as proceeds of sale through securitization to private investors." (Compl. ¶ 95.) Plaintiffs posture without legal authority that a borrower is off the hook for the balance of a loan whenever that loan is securitized. Plaintiffs do not explain how the mere assignment of mortgage loans can extinguish their debt altogether. The Deed of Trust expressly states that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Deed of Trust ¶ 20 at 11.) Plaintiffs also do not explain how the collection of payments on the Loan by the servicer or owner of the Loan is unjust. In executing the Deed of Trust, Plaintiffs expressly agreed that a servicer could collect payments on the Loan. (Deed of Trust ¶ 20 at 11 (providing that the Loan servicer "collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.").) As

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT – CASE NO. 11-cv-2066-WHA

1  servicer on the Loan (RJN, Exh. B), Chase validly collected payments on the Loan from October

2  2008 to July 2009.  (Compl. ¶ 26; RJN, Exh. E (Plaintiffs have not made a payment on the Loan

3  since July 2009).)  Plaintiffs also lack standing to contest these payments because even if Chase

4  was not the servicer on the Loan – which it was – Plaintiffs cannot not allege that they were not

5  required to make payments on the Loan at all.  Plaintiffs were required to make payments on the

6  Loan pursuant to the Deed of Trust.  If Chase wrongly collected payments on the Loan it would be

7  a third party, and not Plaintiffs, that would have suffered an injury.

8          Finally, "as a matter of law, a quasi-contract action for unjust enrichment does not lie

9  where 'express binding agreements exist and define the parties' rights.'"  *Cal. Med. Ass'n, Inc. v.*

10  *Aetna U.S. Healthcare of Cal.,* 94 Cal. App. 4th 151, 172 (2001).  The Deed of Trust is "an

11  express binding agreement" defining the parties' rights.  Plaintiffs' claim for unjust enrichment

12  fails as a matter of law.

13      **D.**     **The Fourth Cause Of Action For Unfair Competition Fails Because It Is**

14             **Derivative of the Other Claims that Fail, the New Allegations Violate the**

15             **Court's Order Granting Leave to File a Second Amended Complaint and Fail**

16             **to State a Claim Against the Moving Defendants Because They Are Based on**

17             **Origination Issues or Underlying Claims that Fail as a Matter of Law.**

18          Plaintiffs' claim for unfair competition fails because it is derivative of other claims

19  discussed and rejected herein.  *Nool v. HomeQ Servicing,* 653 F. Supp. 2d 1047, 1056 (E.D. Cal.

20  2009) ("The viability of a claim under California Business and Professions Code § 17200, *et seq.,*

21  depends on the viability of an underlying claim of unlawful conduct."); *see also Blank v. Kirwan*,

22  39 Cal. 3d 311, 329 (1985) (ruling that compliance with the underlying law is a complete defense

23  to a UCL claim that seeks redress for an "unlawful" business practice); *Chabner v. United Of*

24  *Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Circ. 2000) (explaining that there are "limits on the

25  causes of action that can be maintained under section 17200" and that a "court may not allow a

26  plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for

27  unfair competition") (internal citations omitted).  Thus, to the extent that Plaintiffs rest this claim

28  on violations of Civil Code sections 2923.5 or on any other causes of action asserted in the

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1    Complaint, Plaintiffs' claim fails for the reasons set forth above.

2        Plaintiffs also add numerous allegations regarding negligence in the failure to notify

3    Plaintiffs of the sale of the Note (Compl. ¶¶ 98-102), unfair competition relating to origination

4    issues (Compl. ¶¶ 103-110), violation of Civil Code 2923.6 (Compl. ¶¶ 113-122), violation of the

5    Truth in Lending Act (Compl. ¶ 123-125), violation of the California Residential Mortgage

6    Lending Act (Compl. ¶ 128), violation of the California Rosenthal Fair Debt Collection Practices

7    Act ("Rosenthal Act") (Compl. ¶ 127), "omissions and fraudulent negligence of Paul Financial,

8    LLC" (Compl. ¶¶ 128-137) and purportedly fraudulent transfers relating to the Assignment and

9    Substitution (Compl. ¶¶ 138-153).  As a preliminary matter, these allegations are new from the

10   First Amended Complaint and violate the Court's Order on Plaintiffs' Motion for Leave to File

11   Second Amended Complaint, which granted Plaintiffs' Motion for Leave to File a Second

12   Amended Complaint only to add injunctive relief as a requested form of relief.  (Order at 2-3 [D.E.

13   83].)  Moreover, "Plaintiffs were permitted to seek leave to file a second amended complaint <u>only</u>

14   as to those claims dismissed in the order dated September 2."  (*Id.* at 2 (emphasis added).)  The

15   17200 claims was not among the claims dismissed by the Court's September 2 Order.  Plaintiffs'

16   new allegations in support of this claim should be disregarded because they do not comply with

17   the Court's Order on Plaintiffs' Motion for Leave to File Second Amended Complaint.

18       To the extent that the Court is inclined to consider these new allegations, they fail to

19   support a 17200 claim against the moving Defendants because they are either based on origination

20   issues that relate solely to Paul Financial, LLC, as originator of the Loan, or they are based on

21   purported violations of statutes, which fail as a matter of law.

22       The allegations regarding the failure to notify Plaintiffs of the sale of the Note (Compl.

23   ¶¶ 98-102) fail to support a 17200 claim because Plaintiffs expressly agreed by signing the Deed

24   of Trust that the "Note or a partial interest in the Note . . . can be sold one or more times without

25   prior notice to Borrower."  (Deed of Trust §20 at p. 10.)

26       The allegations regarding unfair competition relating to origination issues (Compl. ¶¶ 103-

27   110), violation of the Truth in Lending Act ("TILA") (Compl. ¶ 123-125), violation of the

28   California Residential Mortgage Lending Act (Compl. ¶ 128) and "omissions and fraudulent

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT – CASE NO. 11-cv-2066-WHA

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1  negligence of Paul Financial, LLC" (Compl. ¶¶ 128-137) fail to support a 17200 claim against the

2  moving Defendants because all of these allegations relate to the origination of the Loan by Paul

3  Financial, LLC in 2007.  Plaintiffs do not allege any facts that would allow the imposition of

4  liability against moving Defendants Chase, MERS or CRC who had nothing to do with the

5  origination of the Loan.  The TILA claim for failure to make certain disclosures in connection

6  with the origination of the Loan in 2007 is also barred by the statute of limitations, which requires

7  claims to be brought within one year of the purported violation.  15 U.S.C. §§ 1635(f); 1640(e);

8  *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d, 1176, 1183 (D. Or. 2005) ("TILA requires that

9  any claim [for damages] based on an alleged failure to make material disclosures be brought

10  within one year from the occurrence of the violation.")  The date of the violation refers to the date

11  "the loan documents were signed."  *Meyer v. Ameriquest Mortg. Co.* 342 F.3d 899, 902 (9th Cir.

12  2003); *see also King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986) (limitation period

13  begins to run on the "date of the consummation of the transaction or upon the sale of the property,

14  whichever occurs first").

15      The allegations regarding violation of Civil Code 2923.6 (Compl. ¶¶ 113-122) fail to

16  support a 17200 claim because there is no private right of action under that section.  *Farner v.*

17  *Countrywide Home Loans, Inc.*, 2009 WL 189025 at *2 (S.D. Cal. Jan. 29, 2009).  Section 2923.6

18  is a safe harbor to servicers with respect to their duties to participants in a loan pool.  "Section

19  2923.6 merely expresses the *hope* that lenders will offer loan modifications on certain terms."

20  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 211 (2010) (emphasis in original).  "The statute

21  conspicuously does not require lenders to take any action . . . ."  *Id.* at n.8.  "[N]othing in Cal. Civ.

22  Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a

23  private right of action for borrowers."  *Farner*, 2009 WL 189025 at *2.  "Other courts to consider

24  this question have agreed unanimously with the *Farner* court."  *Gaitan v. Mortg. Elec. Regis. Sys.*,

25  No. EDCV 09-1009 VAP (MANx), 2009 U.S. Dist. LEXIS 97117, at *5 (C.D. Cal. Oct. 5, 2009).

26      The allegations regarding violation of the Rosenthal Act (Compl. ¶ 127) fail to support a

27  17200 claim because Defendants are not "debt collectors" under the statute.  The Rosenthal Act

28  prohibits "debt collectors from engaging in unfair or deceptive acts or practices in the collection of

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1   consumer debts." Civ. Code § 1788.1(b).  Under the statute, a "debt collector" is "any person who,

2   in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in

3   debt collection." Civ. Code § 1788.2(c).  A plaintiff fails to sufficiently allege a cause of action if

4   the defendant is not a debt collector as defined under the statute.  *See Izenberg v. ETS Servs.,* 589

5   F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("[t]he [Rosenthal Act] applies only to debt collectors").

6   "[C]ourts have regularly held that mortgage servicing companies and mortgage lenders are not

7   debt collectors under the statute." *Rivera v. BAC Home Loans Servicing, L.P.,* 2010 WL 2757041

8   at *3 (N.D. Cal. July 9, 2010); *accord Caballero v. Ocwen Loan Serv.,* 2009 WL 1528128, at *1

9   (N.D. Cal. May 29, 2009) ("[C]reditors, mortgagors and mortgage service companies are not 'debt

10  collectors' and are exempt from liability under the Act."); *Ines v. Countrywide Home Loans, Inc.,*

11  2009 WL 690108 at *3 (S.D. Cal. 2009).  Chase, as the servicer and owner of the Loan, is not a

12  debt collector under the Rosenthal Act.  Plaintiffs do not allege that any other party besides Paul

13  Financial, LLC, engaged in collection of the payments on the Loan.

14      The allegations regarding purportedly fraudulent transfers relating to the Assignment and

15  Substitutions (Compl. ¶¶ 138-153) fail to support a 17200 claim because, as set forth above,

16  Plaintiffs have no basis to challenge the validity of either.  (*See* Part IV, *supra*.)  Because none of

17  the underlying claims in support of the 17200 cause of action state a valid claim against the

18  moving Defendants Plaintiffs' fourth cause of action fails as a matter of law.

19  **VII.   CONCLUSION**

20      For the foregoing reasons, Defendants respectfully request that the Complaint be dismissed

21  without leave to amend.

22  Dated:  December 27, 2011                Respectfully submitted,

23                                          **BRYAN CAVE LLP**

24                                          By:___/s/ Selia Acevedo_____

25                                                Selia Acevedo
                                            Attorneys for Defendants
26                                          JPMORGAN CHASE BANK, N.A.; CALIFORNIA
                                            RECONVEYANCE CO.; and MORTGAGE
27                                          ELECTRONIC REGISTRATION SYSTEMS, INC

28