IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMIL P. MILYAKOV;
MAGDALENA A. APOSTOLOVA

    Plaintiffs,

  v.

JP MORGAN CHASE, N.A.; HSBC BANK USA, N.A.; CALIFORNIA RECONVEYANCE CO.; PAUL FINANCIAL, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FOUNDATION CONVEYANCING, LLC; and DOES 1–100,

    Defendants.

No. C 11-02066 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART SUMMARY JUDGMENT**

Plaintiffs, proceeding *pro se* in this foreclosure action, have filed a motion for leave to file a motion for reconsideration of an order granting defendants' motion for summary judgment as to the claims for cancellation of deed of trust and wrongful foreclosure. Civil Local Rule 7-9(b) provides that a party moving for reconsideration must show:

> (1) That at the time of a motion for leave [to file a motion for reconsideration], a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such

> order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Plaintiffs do not allege a material difference in law from that which was previously presented, nor do they allege that any new facts have arisen. Plaintiffs argue only that the order granting in part defendants' motion for summary judgment failed to consider material facts. Plaintiffs contend that the order failed to consider that Ms. Colleen Irby may not have had the authority to sign both the deed of trust as an assistant secretary of defendant MERS and the substitution of trustee as an officer of defendant JP Morgan Chase.

As stated in the order granting in part defendants' motion for summary judgment, both of those documents were notarized and included a statement by the notary that Ms. Irby personally appeared before the notary and "proved to me on the basis of satisfactory evidence to be the person whose name is/are subscribed to be within this instrument." The order found that plaintiffs failed to make a showing as to why the notarized signatures should not be enough to accept the documents as authentic. The order further held: "Blanket assertions that the signatures on these documents are not authentic does not create a genuine issue of material fact." Plaintiffs have still not shown any reason why the documents are not authentic. Thus, the order took full account of the material facts surrounding the claims for cancellation of deed of trust and wrongful foreclosure before granting summary judgment.

Plaintiffs' motion for leave to file a motion for reconsideration is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: March 15, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2